UNITED STATES (LARKIN v.). See Case No. 8,091.

## Case No. 15,565.

### UNITED STATES v. LARNED.

[4 Cranch, C. C. 312.][2]

Circuit Court, District of Columbia. May Term, 1833.

HANDWRITING—COMPARISON.

Where the witness has acquired a knowledge of the handwriting of the prisoner, by having

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

[2] [Reported by Hon. William Cranch, Chief Judge.]

often seen him write, &c., it is competent for him to compare the paper in question with the genuine handwriting of the prisoner, and to state his belief resulting from both sources.

Mr. Taylor, for the prisoner, objected that this was evidence by comparison of hands, which is not admissible.

The prisoner was convicted, and sentenced to the penitentiary. [See Case No. 15,566.]

## Case No. 15,566.

### UNITED STATES v. LARNED.

[4 Cranch. C. C. 335.][1]

Circuit Court, District of Columbia. Oct. Term, 1833.

FORGERY — INDICTMENT—SURPLUSAGE—JUDGMENT.

Quære, whether, in an indictment under the penitentiary act [4 Stat. 448], for forging a "paper writing," it must not be averred to have been done "to the prejudice of the right" of some person; and whether upon an indictment for a felony, judgment may be rendered as for a misdemeanor; and whether, if the facts stated in the indictment do not amount to felony, the word "feloniously" may not be rejected as surplusage, and judgment given as for a misdemeanor?

The prisoner [Joseph Larned] who was convicted at the last term [Case No. 15,565] for

[1] [Reported by Hon. William Cranch, Chief Judge.]

feloniously forging, uttering, &c.,`a certain paper writing, &c. (being a certificate of freedom), was brought up and sentenced to the penitentiary, under the 11th section of the penitentiary act of March 2, 1831 (4 Stat. 448); CRANCH, Chief Judge, doubting, because the indictment does not charge it to have been done "to the prejudice of the right of any person, body politic," &c.; and because no statute in force here makes it felony; and because judgment as for a misdemeanor cannot be given on an indictment for felony. U. S. v. M'Carthy [Case No. 15,656]. But quære, whether, if the facts stated in the indictment do not amount to felony, the word "feloniously" may not be rejected as surplusage, and judgment given as for a misdemeanor? If the indictment does really charge a felony, I think the authorities are pretty clear that judgment cannot be given upon it, as for a misdemeanor. See 1 Chit. Cr. Pl. 195, 281, 286, 287, 289; Fost. Crown Law, 424; Cro. Jac. 607; 11 Coke, 58; 2 Hale, P. C. 170; 2 Leach, 1107; Hawk. P. C. bk. 2, c. 25, § 110; Bac. Abr. "Indictment" (H.) 2; Hardr. 21; 8 Term R. 536; 2 East. P. C. 985, c. 19, § 58; 2 Hale, P. C. 192; 1 Hale, P. C. 449; 3 Chit. Cr. Pl. 1022; 1 Chit. Cr. Pl. 367–369; Schofield's Case, 2 East, P. C. 1028; Westbeer's Case, 2 Strange, 1137; Joyner's Case, Kelyng, 29; 1 Chit. Cr. Pl. 456, 638, &c.; 2 Hale, P. C. 172; 2 Hen. VII., 10b.